IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1522-11






JAMES HENRY GELINAS, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE EIGHTH COURT OF APPEALS


EL PASO COUNTY





 Keller, P.J., filed a concurring opinion.



 I join the Court's opinion. To its cogent refutation of the reasoning in Hutch, (1) I would add
the point raised in my dissent in that case: the error in the application part of the jury instructions was
to the defendant's benefit. The application portion of the instructions (2) in Hutch essentially told the
jury (incorrectly and to Hutch's benefit) to disregard legally obtained evidence. It did not tell the
jury what to do if the evidence was illegally obtained. (3) But the abstract portion of the instructions
did. It told the jury that illegally obtained evidence was inadmissible, explained to the jury that a
police officer could stop someone only if criminal activity was rationally suspected, and set forth the
failure to wear seatbelts as the suspected crime that would be the basis of the stop. (4) Considered as
a whole, the instructions essentially told the jury that it had to disregard the evidence if it was
obtained illegally or if it was obtained legally. "[T]he only way the jury could have convicted was
by disregarding the erroneous [application] instruction and acting in accord with the rest of the jury
charge and the jury arguments." (5)

 Similarly, the application portion of the instructions in the present case told the jury
(incorrectly and to appellant's benefit) to disregard the evidence if the jury determined that it was
obtained legally. The application portion of the instructions did not tell the jury what to do if it was
illegally obtained. But the abstract portion of the instructions told the jury that illegally obtained
evidence was inadmissible, explained to the jury that a police officer could stop someone only if
criminal activity was rationally suspected, and set forth a violation of the Transportation Code as the
suspected crime that would be the basis of the stop. As in Hutch, the application portion of the
instructions essentially told the jury that the evidence could not be considered if it was legally
obtained, and the abstract portion of the instructions told the jury that the evidence could not be
considered if it was illegally obtained. The instructions never told the jury that it should consider
illegally obtained evidence. The only rational view of the situation is that the jury, in convicting
appellant, disregarded the erroneous application portion of the instructions.


Filed: May 15, 2013

Publish 
1. Hutch v. State, 922 S.W.2d 166 (Tex. Crim. App. 1996). 
2. See Tex. Code Crim. Proc. art. 38.23(a) (second paragraph).
3. Hutch, 922 S.W.2d at 174-75 (Keller, J., dissenting).
4. See id. at 169 (Court's op.).
5. See id. at 174-75 (Keller, J., dissenting).